Anthony D. ROMANO, Plaintiff,

v.

The HOME INSURANCE COMPANY, Defendant.

Civ. A. No. C78–1933A.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 5, 1980.

192

Brian Spears, Atlanta, Ga., for plaintiff.

Clayton H. Farnham and John R. Gaughen, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

## ORDER

ORINDA DALE EVANS, District Judge.

The above-captioned case is before the Court on Plaintiff's Motion in Limine and Plaintiff's Motion to Vacate the Court's Order of February 4, 1980. The Court need not address Plaintiff's Motion to Vacate since the February 4th Order has already been vacated by an Order of this Court dated February 19, 1980.

In this case Plaintiff seeks to recover benefits under an insurance contract for loss suffered by him as a result of a fire; the Defendant insurer claims that the Plaintiff "burned the insured property, or caused it to be burned." (Answer, First Defense). Plaintiff has filed his Motion in Limine seeking to limit the testimony of Ralph Newell, the insurance investigator, and Sgt. Branan and Capt. Schlesinger of the East Point Fire Department. Plaintiff contends that these persons engaged in illegal conduct, namely illegal searches and seizures, rendering any evidence obtained by them during the searches and seizures inadmissible at time of trial.

The pertinent facts as gleaned from the file and as set forth in Plaintiff's brief and in greater detail in the brief of the Defendant filed in opposition to Plaintiff's motion are as follows: Shortly after midnight on March 19, 1978, a fire broke out at Plaintiff's warehouse in East Point, Georgia. Sgt. Branan of the East Point Fire Department was dispatched to the scene where he proceeded to extinguish the fire. At daybreak he returned to the scene with Capt. Schlesinger, who was in a supervisory capacity, to complete the investigation. At that time two containers holding what appeared to be gasoline were obtained and removed from the premises.

On April 5, 1978, Ralph Newell, an insurance investigator for the Defendant insurer, went to the scene of the fire as an agent of the Defendant to inspect the premises. Prior to entering the premises Mr. Newell stopped by Capt. Schlesinger's office which he did as a matter of routine when local officials were involved (Deposition of Ralph Newell, p. 49, lines 18–25; p. 50, lines 1–2). Capt. Schlesinger accompanied Mr. Newell to the fire scene. It does not appear that Capt. Schlesinger supervised the search or participated therein.

The Plaintiff's claim that the searches conducted in the case were illegal is based upon the Fourth Amendment's prohibition against unreasonable searches and seizures. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.Const. Amend. IV. The United States Supreme Court has interpreted the Fourth Amendment to mean that except in certain classes of cases, a search of private property is "unreasonable" if it is not conducted pursuant to a

valid search warrant.[1] *See, e. g., Michigan v. Tyler,* 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978); *Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1963); *Rios v. United States,* 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1959).

The exclusionary rule which the Plaintiff contends should be applied in this case is a rule which has been adopted by the courts as a means of giving effect to the rights granted by the Fourth Amendment. Under the exclusionary rule, evidence obtained by state or federal government officials in violation of the Fourth Amendment cannot be used in a proceeding against the victim of the illegal search and seizure. *United States v. Calandra,* 414 U.S. 338, 343, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1960). The exclusionary rule which has been primarily applied in criminal proceedings has also been applied in cases in which the investigation was administrative rather than criminal in nature. *See, e. g., Marshall v. Barlow's Inc., supra; Michigan v. Tyler, supra; Camara v. Municipal Court, supra; See v. Seattle, supra.* It is rare, however, that a court is asked to apply the exclusionary rule in a civil case between two private litigants.

While the Court finds persuasive the Seventh Circuit's opinion in *Honeycutt v. Aetna Insurance Company,* 510 F.2d 340 (7th Cir.) *cert. denied* 421 U.S. 1011, 95 S.Ct. 2416, 44 L.Ed.2d 679 (1975) in which the court addressed the question in a civil case involving a factual situation similar to that presented here and concluded that the exclusionary rule does not apply in ordinary civil cases, this Court need not address the question in light of the facts before it.

■ The Court notes that while Plaintiff has moved to limit the testimony of Sgt. Branan under the exclusionary rule, he has not in his brief made mention of what could

be characterized as the first search, which took place on March 19, 1978, and which was the only search at which Sgt. Branan was present and in which he participated. In his brief Plaintiff argues only that the search of April 5, 1978 was illegal. There is no question, however, but that the conduct of Sgt. Branan and Capt. Schlesinger on the morning of March 19, 1978 did not constitute an illegal search and seizure. The first time Sgt. Branan entered the warehouse on March 19, 1978 he entered for the purpose of extinguishing the fire. The United States Supreme Court, per Stewart, J., has stated that

[a] burning building clearly presents an exigency of sufficient proportions to render a warrantless entry "reasonable". Indeed, it would defy reason to suppose that firemen must secure a warrant or consent before entering a burning structure to put out the blaze. And once in a building for this purpose, firefighters may seize evidence of arson that is in plain view. *Michigan v. Tyler,* 436 U.S. at 509, 98 S.Ct. at 1950.

The Court went on to find that it is a firefighter's function not only to extinguish fires, but also to find their causes and that no warrant is necessary for the officials to remain in a building after a fire is extinguished in order to complete their inspection. *Id.* In *Michigan v. Tyler,* the Supreme Court found that the fire officials' re-entry into the building to complete the investigation four hours after they extinguished the blaze and made a preliminary investigation was "no more than an actual continuation of the first [entry], and the lack of a warrant thus did not invalidate the resulting seizure of evidence." *Id.* at 511, 98 S.Ct. at 1951.

In the instant case Sgt. Branan left the warehouse at approximately 2:00 a. m. after having extinguished the blaze. He re-

---

1. While the privacy and security interests of individuals may be greatest when searches of their private residences are at issue, Fourth Amendment protection has also been recognized in cases dealing with commercial property such as the premises involved in the instant case. *See, e. g., Marshall v. Barlow's Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978); *Camara v. Municipal Court of the City and County of San Francisco,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *See v. City of Seattle,* 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967).

turned at daybreak with Capt. Schlesinger to complete the investigation. Under the circumstances, and considering the United States Supreme Court's opinion in *Michigan v. Tyler*, the Court finds that the actions of Sgt. Branan and Capt. Schlesinger on March 19, 1978 did not constitute an illegal search and seizure in violation of the Fourth Amendment.

A second search was conducted on April 5, 1978, this time by Ralph Newell, the insurance investigator for Defendant Home Insurance Company. Plaintiff concedes that the Fourth Amendment does not protect an individual against an illegal search and seizure conducted by a private individual.[2]

What Plaintiff argues, however, is that Capt. Schlesinger participated in the search, exhibited state involvement which would bring the search within the ambit of the Fourth Amendment.

From the facts before the Court, it appears that Capt. Schlesinger of the East Point Fire Department accompanied Mr. Newell to the fire scene at Mr. Newell's request at which point Mr. Newell searched the premises. The search was not undertaken at the Captain's request nor does it appear that the Captain directed the search. Capt. Schlesinger did not participate in securing or selecting any evidence. Under these circumstances the Court finds that Mr. Newell was not acting as an agent of the state and that Capt. Schlesinger did not engage in an illegal search and seizure.

In light of the Court's finding that there were no illegal search and seizures by state officials and that Mr. Newell searched the fire scene as an agent of the Defendant insurer and not as an agent of the state, the court hereby ORDERS that Plaintiff's Motion in Limine be DENIED.

---

2. The main thrust of the exclusionary rule is to deter illegal conduct on the part of public officials. It was not intended to be remedial in nature. *See, e. g., United States v. Calandra, supra; Elkins v. United States*, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960) ("The rule is calculated to prevent, not to repair." 364 U.S. at 217, 80 S.Ct. at 1444); *Honeycutt v. Aetna Insurance Co., supra.*